UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TITUS J. MOORE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1427 CDP |
| ) | |
| KEYCORP, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiffs' motion to remand for lack of subject matter jurisdiction. This case was removed to this Court from the Circuit Court for the County of St. Louis, Missouri on the basis of diversity jurisdiction. Plaintiffs contend that this Court lacks diversity jurisdiction over this action because the amount in controversy does not exceed $75,000, exclusive of interest and costs. The plaintiffs' contention rests on the prayers for relief asserted in their state court petition along with a stipulation from plaintiffs' attorney, in the form of an affidavit, limiting plaintiffs' damages.

In the past, this Court has remanded actions back to state court for lack of subject matter jurisdiction where the plaintiff has stipulated by sworn statement that

it would neither seek nor accept damages in excess of the jurisdictional minimum. See Walsh v. J.B. Hunt Transport, Inc., 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998); Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 879 (E.D. Mo. 1997). The Court believes that a sworn statement is binding on a plaintiff in this Court, as well as any other court, and may be enforced through appropriate sanctions. In defendants' Memorandum of Points and Authorities in Support of their Opposition to Plaintiffs' Motion to Remand filed October 4, 2005, they relied on the distinction that "Plaintiffs have not submitted an affidavit that they will seek no more than $75,000 including attorney's fees and punitive damages." However, as of October 11, 2005, plaintiffs have submitted such an affidavit.

I conclude that plaintiffs' damages are less than $75,000, exclusive of interest and costs. Thus, under 28 U.S.C. § 1332, this court lacks subject matter jurisdiction over plaintiffs' claim. Because this court lacks subject matter jurisdiction, I am required, under 28 U.S.C. § 1447, to remand this case to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand [#8] is

GRANTED and the Clerk of Court is directed to REMAND this case to the Circuit Court of St. Louis County, Missouri.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2005.